UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTUS, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>DISCOVERY FINANCIAL SERVICES, et al.,<br><br>   Defendants. | Case No. 2:10-cv-177-TJW |

**MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) BY DEFENDANTS THE GAP, INC., THE TJX COMPANIES, INC., AND RECREATIONAL EQUIPMENT, INC. OR, IN THE ALTERNATIVE, MOTION TO REQUIRE A MORE DEFINITE STATEMENT OF COUNTS I AND II OF PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(e)**

# **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ............................................ 1

III. LEGAL STANDARDS ..................................................................................................... 2

IV. ARGUMENT .................................................................................................................. 2

    A. Actus Fails to Allege Sufficient Facts to State a Claim for Infringement of the '189 Patent ........................................................................ 2

    B. Actus Fails to Allege Sufficient Facts to State a Claim for Infringement of the '099 Patent ........................................................................ 4

    C. Plaintiff's Direct Infringement Counts Do Not Even Satisfy Form 18 Requirements .................................................................................... 5

    D. Plaintiff's Direct and Indirect Infringement Counts Clearly Fail to Meet the *Iqbal* Standard ......................................................................... 6

    E. Plaintiff's Pleading Failures Have Significant Consequences In This Case ................................................................................................... 7

V. CONCLUSION ................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ..................................................................................................2

*Realtime Data, LLC v. Morgan Stanley*,
 No. 6:09cv-326-LED-JDL, 2010 U.S. Dist. LEXIS 58049 (E.D. Tex.
 May 7, 2010) ................................................................................................................6

*Tune Hunter, Inc. v. Samsung Telecommunications America LLC*,
 No. 2:09cv-148-TJW, 2010 U.S. Dist. LEXIS 31980 (E.D. Tex. Apr. 1,
 2010)..............................................................................................................................6

**RULES**

Fed. R. Civ. P. 12(b)(6)......................................................................................................2

Fed. R. Civ. P. 12(e)...........................................................................................................2

Fed. R. Civ. P. 8(a)(2) ........................................................................................................2

Fed. R. Civ. P. 84 ...............................................................................................................6

**I.       PRELIMINARY STATEMENT**

Defendants The Gap, Inc. ("Gap"), The TJX Companies, Inc. ("TJX"), and Recreational Equipment, Inc. ("REI") (collectively "the Moving Defendants") submit this memorandum in support of their Motion to Dismiss Counts I and II of the Original Complaint for Patent Infringement (the "Complaint") of Plaintiff Actus, LLC ("Actus") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the allegations of direct infringement fail to satisfy Federal Rule of Civil Procedure Form 18 requirements, and the allegations of indirect infringement fail to satisfy the pleading standards recently articulated by the United States Supreme Court.[1]  In Count I of the Complaint, Actus asserts U.S. Patent Number 7,328,189 ("the '189 patent") against the Moving Defendants in connection with their "Gift card products and/or services."  In Count II of the Complaint, Actus asserts U.S. Patent Number 7,249,099 ("the '099 patent") against Defendants Gap and TJX, also in connection with their "Gift card products and/or services."  The asserted patents, however, do not claim "Gift card products and/or services," but are instead directed to a "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  Thus, the Complaint is insufficient on its face and should be dismissed.  In the alternative, the Moving Defendants submit this memorandum in support of their Motion for a More Definite Statement of Counts I and II of the Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

**II.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Pursuant to Local Civil Rule 7(a)(1), the issues to be decided by the Court in connection with this motion are as follows:

1.  Whether Count I of the Complaint against the Moving Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for infringement, or in the alternative, whether Actus should be required to provide a more definite statement of Count I of the Complaint.

---

[1] The Moving Defendants are aware that this Court denied a motion to dismiss in a related case. *See* Case No. 2:09-cv-00102-TJW, Dkt. No. 188.  In the related case, certain defendants sought dismissal with prejudice based on the argument that the asserted method claims precluded direct infringement.  Here, in contrast, the Moving Defendants seek dismissal without prejudice or, in the alternative, a more definite statement.

    2.    Whether Count II of the Complaint against Defendants Gap and TJX should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for infringement, or in the alternative, whether Actus should be required to provide a more definite statement of Count II of the Complaint.

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must provide "sufficient factual matter … to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Id*.

Under Federal Rule of Civil Procedure 12(e), a defendant may move for a more definite statement of a complaint which is so vague or ambiguous that the defendant can not reasonably prepare a response. Fed. R. Civ. P. 12(e).

## IV. ARGUMENT

As discussed below, because Actus fails to allege plausible claims for infringement of the '189 and '099 patents in its Complaint, dismissal is proper. In the alternative to a dismissal of Counts I and II of the Complaint, Actus should be required to provide a more definite statement alleging infringement of the '189 and '099 patents.

### A. Actus Fails to Allege Sufficient Facts to State a Claim for Infringement of the '189 Patent

Actus makes identical, general allegations against each of the Moving Defendants, alleging that each Defendant is "directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent" by practicing the steps of claim 1 of the '189 patent, which are recited in the Complaint. Actus claims infringement occurs via the Moving Defendants' "marketing, distributing, using, selling, or offering to sell [their] Gift

card products and/or services." *See* Complaint ¶¶ 47 (Gap), 53 (REI), 59 (TJX). However, the claims of the '189 patent make no mention of "Gift card products and/or services." Instead, the '189 patent claims "a method of conducting electronic commerce." *See* Claim 1 of the '189 patent. The single independent claim of the '189 patent reads:

> 1. A method of conducting electronic commerce, the method comprising:
>
> opening a user account with a first member vendor;
>
> issuing electronic tokens of a first type to a user, and adding the electronic tokens to a user account maintained by the first member vendor;
>
> exchanging the electronic tokens in the user account for electronic tokens of a second type, the electronic tokens of the second type being issued by a second member vendor;
>
> purchasing or renting products or services through the second member vendor using the electronic tokens of the second type, wherein prices for the products or services are listed in units of electronic tokens of the second type, and
>
> transferring compensation from the first member vendor to the second member vendor in an amount equal to the value of the electronic tokens of the second type.

The claims of the '189 patent require at least: (1) electronic commerce; (2) a user; (3) a first member vendor; (4) a second member vendor; (5) electronic tokens of a first type; (6) electronic tokens of a second type; and (7) a transfer of compensation in an amount equal to the value of the electronic tokens of the second type. Although Actus does recite the elements of claim 1 in the Complaint, Actus does not offer any factual statements that support its allegations of infringement of the '189 patent. Nowhere in Count I of the Complaint does Actus identify a form of electronic commerce, a user, a first member vendor, a second member vendor, electronic tokens of a first type, electronic tokens of a second type, or a transfer of compensation in an amount equal to the value of the electronic tokens of the second type. More importantly, Plaintiff's allegation that Defendants market, distribute, use, sell, or offer to sell Gift card products and/or services wholly fails to support a claim that any of the Moving Defendants directly or indirectly perform a method of conducting electronic commerce, much less the method recited in the claim.

**B.    Actus Fails to Allege Sufficient Facts to State a Claim for Infringement of the '099 Patent**

Like the allegations in Count I of the Complaint, Actus alleges in Count II that Defendants Gap and TJX are "directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent" by practicing the steps of claim 1 of the '099 patent, which are recited in the Complaint.  Actus claims infringement occurs via Gap's and TJX's "marketing, distributing, using, selling, or offering to sell [their] Gift card products and/or services."  *See* ¶¶ 66 (Gap), 71 (TJX).   Like the '189 patent, the '099 patent does not claim any "Gift card products and/or services."  The '099 patent has two independent claims, a method claim and a system claim.  The first independent claim reads:

> 1. A method for conducting electronic commerce comprising:
>
> providing a first web server at a first vendor that accepts electronic tokens of a first type;
>
> providing a second web server at a second vendor that accepts electronic tokens of a second type;
>
> providing a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween;
>
> issuing a plurality of electronic tokens of the first type from the mall service provider server to the first web server, the electronic tokens adapted for use in electronic transactions for purchase or rental of products or services from the first web server or the second web server;
>
> issuing a subset of the plurality of tokens of the first type to a user;
>
> maintaining a first database in the mall service provider server, the first database including account information for the first web server; and
>
> for electronic transactions conducted at the second web server of the second vendor using electronic tokens of the first type to purchase products or services, transferring compensation from the first web server to the second web server of the second vendor in an amount equal to the value of the electronic tokens of the second type.

The second independent claim reads:

> 16. A server operated by a mall service provider comprising:
>
> a network interface through which the server communicates a first web server of a first vendor and a second web server of a second vendor, wherein the first web server accepts electronic tokens of a first type and the second web server accepts electronic tokens of a second type;
>
> a database;
>
> a memory;

-4-

> a processor that executes software stored in the memory, the software including one or more programmed routines, the programmed routines comprising:
>
> a routine for issuing a plurality of electronic tokens of a first type from the mall service provider server to the first web server, the electronic tokens adapted for use in electronic transactions for purchase or rental of products or services from the first web server or the second web server;
>
> a routine for issuing a subset of the plurality of tokens of the first type to a user;
>
> a first database routine for updating records relating to the electronic tokens issued to the first web server; and
>
> a routine for transferring compensation from the first web server to the second web server of the second vendor in an amount equal to the value of the electronic tokens of the second type, for electronic transactions conducted at the second web server of the second vendor.

The claims of the '099 patent require at least: (1) a user; (2) a first vendor; (3) a second vendor; (4) electronic tokens of a first type; (5) electronic tokens of a second type; (6) a first web server; (7) a second web server; (8) a mall service provider server; and (9) a transfer of compensation in an amount equal to the value of the electronic tokens of the second type. Although Actus again recites the elements of claim 1, Actus does not offer any factual statements that support its allegations of infringement of the '099 patent. Nowhere in the Complaint does Actus identify a user, a first vendor, a second vendor, a first web server, a second web server, a mall service provider server, electronic tokens of a first type, electronic tokens of a second type, or the transfer compensation in an amount equal to the value of the electronic tokens of the second type. More importantly, Plaintiff's allegation that Defendants market, distribute, use, sell, or offer to sell Gift card products and/or services, wholly fails to support a claim that any of the Moving Defendants directly or indirectly perform a method of conducting electronic commerce as required by claim 1 or directly or indirectly infringe the "server operated by a mall service provider" apparatus of claim 16.

### C. Plaintiff's Direct Infringement Counts Do Not Even Satisfy Form 18 Requirements

For purposes of direct infringement,[2] Courts in this District have noted that a pleading that

---

[2] The Moving Defendants assert that the pleading standard articulated in *Iqbal* requires Plaintiff to provide additional details in the Complaint as to the Moving Defendants.

contains a disclosure commensurate in scope with Federal Rule of Civil Procedure Form 18 is sufficient to state a claim for patent infringement. *See Realtime Data, LLC v. Morgan Stanley*, No. 6:09cv-326-LED-JDL, 2010 U.S. Dist. LEXIS 58049, at *10 (E.D. Tex. May 7, 2010); *Tune Hunter, Inc. v. Samsung Telecommunications America LLC*, No. 2:09cv-148-TJW, 2010 U.S. Dist. LEXIS 31980 (E.D. Tex. Apr. 1, 2010); *see also* Fed. R. Civ. P. 84.  In the exemplar set forth in Form 18, the plaintiff owns a patent for "an electric motor" and alleges infringement "by making, selling, and using electric motors."  Here, Actus asserts patents for "a method of conducting electronic commerce" and "a server operated by a mall service provider."  Yet, Actus complains of infringement by "marketing, distributing, using, selling, or offering to sell its Gift card products and/or services."  The alleged relationship between "Gift card products and/or services" and the claimed method and server is entirely unclear – particularly given that each of the claims requires more than one type of electronic token, more than one type of vendor, a user, and, in the case of the apparatus claim 16 of the '099 patent, a mall service provider.   Even under the most liberal pleading standard that can be applied, the Complaint fails to state a claim for direct infringement and must be dismissed.

       **D.**       **Plaintiff's Direct and Indirect Infringement Counts Clearly Fail to Meet the *Iqbal* Standard**

Given that Plaintiff's direct infringement claim fails to even meet the Form 18 requirements, the Complaint clearly fails in its entirety as to the Moving Defendants under *Iqbal*.

Further, with regard to indirect infringement, there is no Federal Rules of Civil Procedure form for pleading indirect infringement.  Thus, it is the Moving Defendants' position that Plaintiff must meet the *Iqbal* standard for indirect infringement.  Or, at a minimum, Plaintiff must "identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to [its] indirect infringement claims." *Realtime Data*, 2010 U.S. Dist. LEXIS 58049, at *14-15.  Plaintiff clearly has not done so, and is already aware of this failing.  In the prior related case mentioned above, Plaintiff filed a second amended complaint that included a much more detailed allegation of indirect infringement. *See, e.g.,* Case No. 2:09-cv-00102-TJW, Dkt. No. 174 at ¶44.  While Moving Defendants assert that even more is required than

what was pled in the prior case, at a minimum, the second amended complaint demonstrates that Plaintiff is aware that that its allegations are inadequate here and should be dismissed.

### E.     Plaintiff's Pleading Failures Have Significant Consequences In This Case

If Plaintiff is required to replead, this case will likely be greatly simplified without the need for protracted proceedings.  To assert direct infringement of the "electronic commerce claims," Plaintiff would have to assert that the Moving Defendants engage in electronic commerce and are (1) the user; (2) the first vendor; (3) the second vendor; and (4) issue two different forms of electronic tokens.  Given that Plaintiff has thus far identified only "Gift cards," only one instrumentality, it is unlikely that Plaintiff will assert that the Moving Defendants are direct infringers of these multi-party, multi-token claims.  Thus, granting a motion to dismiss, at least to Plaintiff's direct infringement claims, will likely quickly focus this case on indirect infringement without the need for other protracted proceedings.

Moreover, this is not a case where the Moving Defendants can readily understand the nature of Plaintiff's claims from the Complaint in its current form.  Instead, as the Complaint currently stands and as described above, there is a complete mismatch between the claims and Plaintiff's allegations as to the Moving Defendants' products and/or services.  Forcing the Moving Defendants to respond to these claims without understanding the basic nature of their application as to the Moving Defendants' products and/or services is inappropriate and prejudicial.  In view of Plaintiff's failure to meet even the most basic pleading requirements, the Moving Defendants should not have to bear the cost of this litigation unless and until Plaintiff alleges adequate facts to state a claim, if it can even do so.

Finally, while the following facts do not and cannot control the outcome of this motion, it is significant to note that Plaintiff's failure to meet its basic pleading obligations is significant in this case.  For example, the minimal pre-filing investigation step of going to a TJX store website, such as http://www.tjmaxx.com/, would have revealed that TJX does not sell any of its goods via its web sites in the U.S.  Instead, TJX gift cards can only be used in TJX stores, not for electronic commerce.  Thus, if forced to replead, Plaintiff will have to plead facts to show how TJX's cards directly or indirectly infringe any of the independent claims.  Similarly, a minimal pre-filing

investigation would have revealed that REI gift cards can only be used at REI, not used at or exchanged for gift cards of any other vendor. Similarly, Gap and related brand gift cards can only be used at wholly owned subsidiaries of Gap, not at any other vendor. And, as to all the Moving Defendants, a minimal pre-filing investigation would have revealed that the gift cards can only be purchased through cash or credit and are only issued in cash value, not electronic tokens. In view of the foregoing, at a minimum, Actus should be required to provide a more definite statement of Counts I and II of the Complaint so that the Moving Defendants can meaningfully respond to the Complaint.

## V. CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that the Court dismiss Counts I and II of the Complaint against them, or, in the alternative, order a more definite statement of Counts I and II.

Dated: September 10, 2010

Respectfully submitted,

By:     /s/ *Denise M. De Mory*
Denise M. De Mory (SBN 168076)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
email: demoryd@howrey.com

Of Counsel:

S. CALVIN CAPSHAW, III
State Bar No. 03783900
ELIZABETH L. DERIEUX
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com

Attorneys for Defendants
THE GAP, INC., THE TJX COMPANIES, INC., AND RECREATIONAL EQUIPMENT, INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of September, 2010.  Any other counsel of record will be served by first class mail.

                                                */s/ Denise M. De Mory*  
                                                Denise M. De Mory